IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TAVON DONTA SMITH, #13926 | * | |
| Petitioner | * | |
| v | * | Civil Action No. RDB-15-1424 |
| TOM LEWIS, Acting CEO, CLIFTON T. PERKINS HOSPITAL CENTER[1] | * | |
| | * | |
| Respondent | * | |

\*\*\*

## MEMORANDUM OPINION

One day before his February 27, 2015 mandatory release from incarceration, Petitioner Tavon Donta Smith ("Smith") was certified for involuntary psychiatric admission and transferred to Clifton T. Perkins Hospital Center ("Perkins").[2] (ECF 9-1 at p. 20). Smith sought habeas corpus relief in this Court pursuant to 28 U.S.C. § 2241, alleging that his confinement at Perkins is improper and exceeds his maximum release date. (ECF 1). Because it initially was unclear why Smith was admitted to Perkins and why he remains there, counsel for Maryland's Department of Health and Mental Hygiene ("DHMH") was ordered to provide a response (ECF 3) and has done so. (ECF 6 and 9). For reasons set forth herein, the Petition shall be denied and a Certificate of Appealability shall not issue.

### Preliminary Consideration Regarding Competency

Perkins is a psychiatric hospital administered by DHMH. It receives patients requiring psychiatric evaluation who have been accused of felonies and have successfully raised the Not

---

[1] Counsel argues that the case should be dismissed because Smith failed to name the proper Respondent, who is Tom Lewis, Acting CEO for Clifton T. Perkins Hospital Center. ECF 9 at pp. 4-5. Dismissal on this basis is inappropriate; instead, the Clerk shall be directed to substitute Lewis as the Respondent.

[2] *See* dhmh.maryland.gov/perkins/SitePages/Home.aspx

Criminal Responsible ("NCR") defense and/or their competency to stand trial is in question. Perkins also provides treatment to offenders who have been adjudicated NCR and/or incompetent to stand trial, and accepts by transfer felons from other correctional facilities who meet the criteria for involuntary commitment. Perkins further accepts patients from other state regional psychiatric hospitals whose behavior is violent and aggressive. It appears that Smith was transferred to Perkins while completing a criminal sentence, and remains there as a non-prisoner psychiatric patient.

Because Smith has been deemed incompetent, this Court first must consider whether a guardian must be appointed to represent his interests here. Fed. R. Civ. P. 17(c)(2) states:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.

With respect to Rule 17(c)(2), the Fourth Circuit has observed that "[t]he practical problem presented by a case in which a presumably competent party might be thought to be acting oddly, or foolishly, or self-destructively in prosecuting or defending a civil lawsuit, with or without counsel, is a real one," adding that "[p]arties to litigation behave in a great variety of ways that might be thought to suggest some degree of mental instability. *Hudnall v. Sellner*, 800 F. 2d 377, 385 (4th Cir. 1986). Rule 17(c)(2) recognizes the existence of some forms of mental deficiency which may affect a person's practical ability to manage his or her own affairs that goes beyond "something other than mere foolishness or improvidence, garden-variety or even egregious mendacity, or even various forms of the more common personality disorders." *Id.* The rule allows this Court to appoint a guardian ad litem, but it does not compel it to do so. Rather, it grants the Court considerable discretion to issue an "appropriate order" to protect the

interest of an unrepresented, incompetent litigant. *See Seibels, & Bruce Co. v. Nicke*, 168 F.R.D. 542, 543 (M.D.N.C. 1996).

Smith has shown that he is sufficiently competent to present a federal claim; indeed, based on Smith's Complaint, counsel for DHMH has been ordered to show why Smith is at Perkins, whether he is entitled to release, and whether he has been afforded adequate due process. While he has filed no opposition to DHMH's response, that failure does not affect this Court's analysis under Rule 17.

**Background**

On February 26, 2015, DHMH received an application for Involuntary Admission of Smith into a mental health facility, accompanied by certifications from two physicians or psychologists attesting to the need for Smith to be involuntarily admitted. (ECF 9-1 at Ex. 1, pp. 2-7). At the time of involuntary admission, Smith was informed in writing of the reasons for the admission and that a hearing on his admission would be held on March 12, 2015. (*Id.* at Ex. 2, pp. 9-10).

On March 12, 2015, after a hearing on the matter, an administrative law judge ("ALJ") found that the criteria for involuntary admission had been proven by clear and convincing evidence and ordered that Smith be involuntarily admitted. The ALJ's written decision also informed Smith of his right to seek judicial review of this determination with an appropriate court pursuant to Maryland Rule 7-202, and his right to file a habeas corpus or petition for judicial release in accordance with sections 10-804(a) and 10-805 of the Health General Article of the Maryland Code. (*Id.* at Ex. 3, p. 12). Respondent indicates that Smith did not seek judicial review, nor did he file a state habeas corpus action or petition for judicial release.

On March 25, 2015, Smith was notified that DHMH would seek permission to medicate him involuntarily and that a clinical review panel hearing would be held on March 26, 2015. (*Id.* at Ex. 4, pp. 14-16). On March 26, 2015, the clinical review panel met, found that without medication Smith was a danger to himself and others in the hospital, and issued a decision permitting Smith's medication without his consent. (*Id.* at Ex. 5, pp. 18-24). Smith appealed the decision of the clinical review panel and requested that he be provided legal representation for his appeal. (*Id.* at Ex. 6, p. 26).

On April 2, 2015, after a hearing on the matter, an administrative law judge upheld the March 26, 2015 decision of the clinical review panel. (*Id.* at Ex. 7, p. 28). The written decision informed Smith of his right to seek judicial review of the decision in an appropriate state circuit court within fourteen days. (*Id*). Smith did not seek judicial review. Instead, on May 18, 2015, Smith filed this petition for writ of habeas corpus challenging his continued confinement in Clifton T. Perkins Hospital Center, alleging he is being held against his will and that he is not a danger to himself or others. (ECF No. 1).

While his federal petition was pending, on June 22, 2015, Smith was again notified that DHMH intended to seek permission to medicate him without his consent and that a hearing before a clinical review panel was scheduled for June 24, 2015 at 1:00 pm. (ECF 9-1 at Ex. 8, pp. 30-31). On June 24, 2015, the clinical review panel met, found that without medication Smith was a danger to himself and others in the hospital, and issued a written decision permitting Smith's medication without his consent. (*Id.* at Ex. 9, pp. 33-37). Smith appealed the decision of the clinical review panel and requested that he be provided with legal representation for his appeal. (*Id.* at Ex. 10, p. 39).

4

Following a July 2, 2015, hearing, an ALJ upheld the June 24, 2015 decision of the clinical review panel. (*Id.* at Ex. 11, p. 41). The written decision also informed Smith of his right to seek judicial review of the decision in an appropriate state circuit court within fourteen days. (*Id.*). Smith did not seek judicial review.

On September 3, 2015, as required by COMAR 10.21.01.08, a new application for Smith's continued involuntary admission, accompanied by certifications from two physicians or psychologists, was submitted to DHMH. (*Id.*, at Ex. 12, pp. 43-49). Smith was given a notice informing him of the reasons for the involuntary admission and notifying him that a hearing on his admission would be held on September 10, 2015. (*Id.* at Ex. 13, pp. 51-52).

On September 10, 2015, after a hearing on the matter, an ALJ found that the criteria for involuntary admission had been proven by clear and convincing evidence and ordered that Smith remain involuntarily admitted. The ALJ's written decision informed Smith of his right to seek judicial review of this determination with an appropriate court pursuant to Maryland Rule 7-202 and his right to file a habeas corpus or petition for judicial release in accordance with sections 10-804(a) and 10-805 of the Health General Article. (*Id.* at Ex. 14, pp. 51-54). Smith did not file a petition for judicial review of this determination, nor did he file a state habeas corpus action or petition for judicial release.

**Discussion**

Respondent argues that Smith's Petition should be denied because Smith failed to exhaust his state remedies prior to initiating federal suit. Respondent is correct. Before a federal court may consider a habeas petition filed by a person confined by a state, the person must exhaust the remedies available to the person in state court. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90 (1973). To exhaust state remedies, the petitioner must present

each of his or her claims to the state court having jurisdiction to consider them, *Gray v. Netherland*, 518 U.S. 152, 161-66 (1996); *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991) (holding modified by *Martinez v. Ryan*, 132 S. Ct. 1309 (2012); *Castille v. Peoples*, 489 U.S. 346, 349-52 (1989); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48 (1999). Maryland law allows an individual to seek judicial review of an involuntary admission determination by an administrative law judge. *See* Md. Code Ann., State Gov't § 10-222 (2014). Smith did not seek judicial review of either of the administrative law judge decisions committing him to DHMH.

Smith's Petition is not exhausted and must be dismissed. The Court notes, however, that even if Smith had exhausted state court review of the ALJs' decisions, the procedural protections afforded him under Maryland law appear to have been met. Because Smith's Petition lacks a substantial showing of the denial of constitutional rights as required by 28 U.S.C. § 2253(c)(2),[3] a Certificate of Appealability shall not issue. A separate order follows.

MARCH 8, 2016
Date

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

[3] *See also Slack v. McDanial*, 529 U.S. 473, 484 (2000).